Susanna **HAYRAPETYAN**, Petitioner,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 03–70761.

United States Court of Appeals, Ninth Circuit.

---

7. *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir.2000).

8. 42 U.S.C.2000e–3(a); *see Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir.2000).

9. *Ray*, 217 F.3d at 1243.

Submitted April 15, 2004.*

Decided May 6, 2004.

Jaime Jasso, Westlake Village, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Daniel D. McClain, U.S. Department of Justice, Washington, DC, for Respondent.

Before: THOMPSON, TASHIMA, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Susanna Hayrapetyan, a native and citizen of Armenia, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming without opinion the Immigration Judge's denial of her applications for asylum, withholding of deportation and relief under the Convention Against Torture. Hayrapetyan contends she was beaten by Armenian police because of her affiliation with the Jehovah's Witnesses. The Immigration Judge ("IJ") determined that Hayrapetyan was not credible.

We review the IJ's decision when it is adopted by the BIA. *Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002). A finding of adverse credibility is reviewed under the substantial evidence standard. *Id.* Although this standard is deferential, the IJ must nonetheless provide specific and cogent reasons to support the finding. *Id.* The IJ's decision was specifically and cogently articulated and was amply supported by substantial evidence. We therefore deny the petition for review.

A key issue in the proceedings before the IJ was the sincerity of Hayrapetyan's affiliation with the Jehovah's Witnesses.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Hayrapetyan's only evidence to corroborate that she was indeed a Jehovah's Witness was a "blood card" that directed doctors not to perform a blood transfusion on her in the event she became unable to express her medical wishes. Such cards are routinely carried by Jehovah's Witnesses because their religion prohibits blood transfusions.

The blood card and Hayrapetyan's testimony about it were replete with inconsistencies. The card, which was supposedly issued in Armenia, was dated after Hayrapetyan left the country. Hayrapetyan alternatively stated that she relinquished the original card to a hospital in 1998, that she left the original card at home when she came to the United States because she was afraid to carry the card over the border, and that the Armenian police destroyed the original card when they arrested her. She testified both that the witnesses who signed the card were acquaintances of hers and that she never met them. She also admitted, then denied, then admitted, then denied that the signature purporting to be hers was genuine.

The presentation of a fraudulent document in an asylum adjudication for the purpose of proving an essential element of the asylum claim is an indication of a lack of credibility. *Akinmade v. INS,* 196 F.3d 951, 955 (9th Cir.1999). Hayrapetyan's use of the fraudulent blood card in her hearing was sufficient to support the adverse credibility determination.

We also note that Hayrapetyan's failure to otherwise present evidence of her affiliation with a Jehovah's Witness congregation (either in Armenia or the United States) also supports the IJ's adverse credibility determination. Despite having been in the United States for approximately one year, Hayrapetyan had not joined a Jehovah's Witness congregation by the time of her hearing. We have explicitly held that offering proof that a petitioner is a member of the Jehovah's Witnesses "through either a local or foreign church … [i]s a relatively uncomplicated task." *Mejia–Paiz v. INS,* 111 F.3d 720, 723 (9th Cir.1997).

Because we have reviewed the IJ's decision, we do not reach Hayrapetyan's due process challenge to the BIA's streamlining decision.

PETITION DENIED.